DIOSCÓRIDES RIVERA, Plaintiff and Appellant, v. JUAN G. GALLARDO, TREASURER OF PORTO RICO, Defendant and Appellee.

No. 4618.    Argued April 30, 1929.—Decided April 10, 1930.

P. G. Quiñones, for appellant.    James R. Beverley, Attorney General, and R. Cordovés Arana, Assistant Attorney General, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Dioscórides Rivera owed the Treasury of Porto Rico the sum of $469.56 as delinquent income taxes. He filed a petition in bankruptcy. Thereupon the Treasurer was notified and, through the Attorney General, filed a claim for the said amount with surcharges. At a meeting of creditors, which was not attended by the government, the referee in bankruptcy ruled that the taxes claimed by the government could not be allowed as a preferred claim. The case was closed without the government having been directly notified, and the trustee distributed the bankrupt estate among the other creditors without paying the taxes either in whole or in part.

Thereafter, the Federal Court discharged the bankrupt and the government attempted to collect the said taxes from him by distraint proceedings. The bankrupt, through his attorney, obtained from the Treasurer of Porto Rico the suspension of such proceedings, and there is evidence tending to show that the Treasurer was willing to accept ten per cent of the amount due in full settlement of the claim. That compromise seems to have been interrupted by reason of some employee of the Treasury Department leaving its service, and Rivera, without any final decision in writing having been made by the Treasurer, paid the taxes under protest and brought the present action for the refund thereof. The government opposed the action. The case went to trial and the court finally rendered a judgment against the plaintiff, who thereupon took the present appeal and has assigned in his brief three errors.

The first assignment is formulated thus:

"The district court erred in not holding that the income tax in the present case constituted a common claim."

In his argument on the above assignment the appellant maintains that the decision of the referee in bankruptcy to the effect that the taxes claimed by the government did not constitute a prefered claim must be considered as *res judicata* and can not be disturbed by the insular court which tried

the case, citing in support of this contention section 64 (a) of the Bankruptcy Act of 1898, which reads as follows:

"Section 64(a).—The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax, the same shall be heard and determined by the court."

Also Collier, from whose treatise the following excerpt is quoted:

"It authorizes the court to inquire as to whether the tax is a valid claim. The question as to whether or not a charge is a tax and entitled to preference under this subsection is one to be decided by the Federal Court in its administration of the bankruptcy act." Collier on Bankruptcy (11th ed.), p. 993.

In our opinion the appellant is right as to the plenary power of the Federal courts to determine in bankruptcy proceedings the amount or validity of a tax claimed by the government, but not so as regards the effect which the ruling made by the referee in the bankruptcy proceedings involved herein should have upon the determination of the present action.

Leaving aside the question of whether or not the action of the referee in the said bankruptcy proceedings was authorized by law—since he did not rule upon the legality of the claim itself or the amount thereof—we will say that whatever force that decision may have, the ruling does not prevent the government, after the discharge of the bankrupt, from proceeding against the latter and collecting the taxes directly from him.

We reiterate that the referee in bankruptcy did not pass upon the question of whether an illegal tax or anything not in the nature of a tax was involved. Nor did he rule that the amount claimed was not authorized by law. He decided that the charge was not a preferred claim. That was all.

Putting aside also the question of whether or not an opportunity was afforded the government to challenge the decision of the referee, the fact is that the government, either negligently or purposely, failed to press the claim in the bankruptcy proceedings and the taxes owing to it were not paid, whether totally or partially.

What are the natural and legal consequences arising from the conduct of the government? Undoubtedly the loss of all right to collect in the bankruptcy proceedings and the risk of never collecting.

We advert to the risk mentioned solely as an eventuality, because the Bankruptcy Act reserves to the government the right to collect all taxes due from the bankrupt after his discharge, and it is only where the discharged bankrupt permanently remains insolvent that all possibility of such collection vanishes.

Section 17 of the Bankruptcy Act of 1898 provides in part as follows:

"Section 17. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides . . ."

The very author invoked by the appellant expresses himself as follows in the treatise cited:

"Taxes.—The first exception from the dischargeability of debts includes debts of the bankrupt which 'are due as a tax levied by the United States, the State, county, district or municipality in which he resides.' This follows from the doctrine that the liabilities to the sovereign will not be affected, unless he by express words extends the provisions of the statute to himself. Indeed, it is thought that taxes would be excepted from the general dischargeability of provable debts, even were the statute silent. There is hardly enough in No. 64—a, giving them priority of payment, to warrant the claim that the sovereign intended to waive his exemption here. Besides, the words used in No. 63—a seem to take taxes out of the class known as 'provable debts,' and thus they could not be discharged in any event." 1 Collier on Bankruptcy, 611.

It would seem useful to cite here also the case of *In re Baker*, 96 Fed. 956.

That income taxes are taxes within the meaning of section 17 of the Bankruptcy Act is so evident, that it does not require discussion.

It is urged by the second assignment that the court erred in not holding that the person responsible for the payment of the taxes was in any event the trustee in bankruptcy, and by the third assignment that it was error for the court to render a judgment for the defendant.

What has been previously said disposes of these two assignments adversely to the contentions of the appellant. By the express provision of the Bankruptcy Act certain debts of the bankrupt remain unaffected after the close of the proceedings and notwithstanding the bankrupt's discharge. It is logical that valid taxes, in their just amount due, should be collected as a preferred claim within the bankruptcy proceedings. But where for some reason they are not so collected, the claim therefor is not extinguished. It subsists and is enforceable, unless otherwise barred, against the original debtor.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.